## KEMPKER v. ROBLYER.

1 **Agent:** SATISFACTION OF MORTGAGE FOR LESS THAN DUE: ACTION. If an agent, receiving compensation from his principal, satisfies by mistake a mortgage, which he is authorized to collect, for a less sum than is actually due thereon, he is liable to his principal for the deficiency.

2. —— In the absence of proof to the contrary, and under the circumstances of the case, the agent in the present instance was presumed to be an agent for compensation.

3. —— Where the agent, in a case of this character, pays to his principal the deficiency for which he is liable to him, as above stated, he may re-imburse himself by a recovery against the debtor in an action therefor.

*Appeal from Lee Circuit Court.*

WEDNESDAY, JULY 27.

ACTION commenced before a justice of the peace, by whom judgment was rendered for plaintiff. Upon appeal to the circuit court verdict and judgment were had for plaintiff. Defendant appeals to this court.

*Jno. Van Valkenburg* and *Winthrop & Wright* for the appellant.

*J. M. Casey* for the appellee.

BECK, J.—The assignment of errors is directed alone at the instructions given and refused. That the rulings of the court thereon may be understood, a brief statement of the issue formed by the pleadings and of the evidence submitted, is necessary.

The plaintiff states his cause of action to be for $100, "justly due him on account of his paying defendant, by mistake, that sum in receiving money from defendant for John Eidson." The answer is a general denial, and also

a denial of plaintiff's interest in the subject-matter of the suit.

There was evidence tending to prove that plaintiff was authorized by a power of attorney to collect for John Eidson an amount of money due him from defendant, secured by mortgage, and to satisfy and discharge the mortgage. In receiving the money from defendant, plaintiff, after counting carefully the sum handed to him by defendant for payment of the debt, informed defendant that there was $100 too much, and returned that amount to him. Thereupon plaintiff satisfied and discharged the mortgage, and remitted the money he had thus received to Eidson. It was afterward discovered that plaintiff in counting the money had made a mistake of $100, and that the sum he had first received from defendant was correct. No issue is made in the evidence as to the mistake, and it is a significant fact that defendant does not deny in his testimony that it actually occurred. After judgment by the justice, the plaintiff executed to Eidson his note for the $100, which he paid before the trial in the circuit court.

The point of contest is the right of plaintiff to maintain this action, and to this question the instructions, which are the ground of objection, were directed.

The act of the agent in satisfying the mortgage upon the receipt of a less sum than was actually due thereon, unquestionably rendered him liable to his principal for the deficiency. There can be no doubt of the correctness of this principle in its applicaton to the case of an agent for compensation. Whether plaintiff was such an agent, the evidence does not positively disclose, but, in the absence of proof to the contrary, and under the circumstances of the case, it must be presumed. Defendant's position, that plaintiff was an agent without compensation, finds no support in the record. At the same time,

the principal may have a right of action against the debtor for the amount of money actually unpaid. If the agent was liable to the principal, he could, for his own protection, maintain his action against the debtor, otherwise he would be without remedy. The same doctrine is applicable to the case, whether we regard the transaction in the light of a failure of the debtor to pay the $100, or the actual return to him by the agent of $100 of the principal's money. The case is one, in either view, where the agent is liable to the principal, and where the ends of justice require that the agent should have his remedy against the debtor. The rule is supported by authority as well as by reason. See Story on Agency, § 398, and authorities cited. The instructions given recognize this rule, those refused do not; they need not to be further noticed.

Affirmed.