KIDDER COUNTY vs. WILBUR F. FOYE.

Opinion filed Oct. 26, 1901.

### Striking Out Irrelevant and Frivolous Matter.

In disposing of a motion to strike out portions of an answer as irrelevant and frivolous the legal sufficiency of the answer as a pleading is not involved, and the court can only inquire wnether the matter sought to be eliminated is relevant to the issues, and, if relevant, whether the same is frivolous in character.

### Relevant Matter Improperly Stricken from Answer.

Applying this rule to the facts of this case appearing in the opinion, *held*, that the order of the trial court striking from the answer certain parts thereof referred to in the opinion is erroneous, and must be reversed.

### Improper Order—Directing Amendment.

The trial court, on motion, made an order directing the answer to be so amended as to make the third paragraph of the same more definite. Upon grounds stated in the opinion, *held* that the third paragraph of the answer is reasonably definite, and that the order is erroneous, and must be reversed.

Appeal from District Court, Kidder County; Winchester, J.

Action by the County of Kidder against Wilbur F. Foye. From an order striking out part of an answer and directing that a particular paragraph thereof be amended, defendant appeals. Reversed.

*Charles H. Stanley* and *Pollock & Scott,* for appellant.

*J. W. Walker,* for respondent.

WALLIN, C. J. The record in this case discloses the following facts: The action is brought to recover of defendant the sum of $123.33, with interest, which amount the plaintiff alleges represents an overpayment by the plaintiff to the defendant on account of his salary as county treasurer of Kidder county. The complaint, after excluding its immaterial parts, is as follows: "(3) That the defendant was the duly elected, qualified, and acting county treasurer of and for the plaintiff, the said county of Kidder, at all times between the 7th day of January, A. D. 1895, and the 4th day of January, A. D. 1897 inclusive of a part of each of said two days. (4) That the total amount of the collections made by the defendant as such county treasurer during the year A. D. 1895, exclusive of the amount received by him from his predecessor in said office, was thirty-three thousand six hundred and fifteen dollars ($33,-615.00), and did not exceed that amount; and that there was paid by the plaintiff to the defendant, for and as the defendant's salary as such county treasurer for and during the year A. D. 1895, by the warrants of said plaintiff county upon its treasury duly ordered, drawn, and issued to said defendant and in his favor, the full sum of eleven hundred and sixty-six dollars and sixty-seven

cents ($1,166.67), all of which warrants were afterwards duly paid, with interest by the treasurer of the plaintiff county; and that, on the 1st day of January, A. D. 1896, there was not any sum of money due or owing by the plaintiff to the defendant, as such salary. (5) That the total amount of the collections made by the defendant as such county treasurer from and inclusive of the 1st day of January, A. D. 1896, to and inclusive of the 4th day of January, A. D. 1897, was twenty-one thousand nine hundred and sixty-three dollars and sixteen cents ($21,963.16), and did not exceed said amount, and that there was paid by the plaintiff to the defendant, for and as the defendant's salary as such county treasurer for the period beginning with January 1, 1896, and ending on the 4th day of January, 1897, by the warrants of said plaintiff county upon its treasury duly ordered, drawn, and issued to said defendant, and in his favor, the full sum of eleven hundred dollars ($1,100.00), all of which warrants were afterwards duly paid, with interest, by the treasurer of said plaintiff county; and that on the 4th day of January, A. D. 1897, there was not any sum of money due or owing by the plaintiff to the defendant as such salary. (6) The plaintiff avers that on the 7th day of January, A. D. 1897, after the duly-constituted board of county commissioners of the plaintiff county had then in regular meeting made settlement with the defendant as such county treasurer, and after the defendant's said term of office as such county treasurer had fully expired and he had for several days ceased to be or act as such county treasurer and had several days before been succeeded by one J. J. Haves, his successor in office, as such county treasurer, the board of county commissioners of such plaintiff county, to-wit, of the said county of Kidder, while then sitting in regular meeting, did, without any authority of the law, audit and allow to the defendant a claim for the sum of one hundred and twenty-three dollars and thirty-three cents ($123.33) for and as a pretended balance then and there claimed by the defendant to be due him on and of the defendants salary as such county treasurer for and during his said term of office as such officer, which said claim the defendant did then and there duly make and file before said board; and that the said board of county commissioners did then in due form, but without any authority of law, order that the warrants of the plaintiff county, to-wit, of the said county of Kidder, be drawn, executed, issued, and delivered to the defendant, in favor of the defendant for the said sum of one hundred and twenty-three dollars and thirty-three cents ($123.33), for and as payment of said pretended balance of such salary so claimed by him; that thereupon the two several warrants of said plaintiff county, to-wit, of said county of Kidder, were, under and by virtue of said order of said board, duly drawn, executed, certified, issued, and delivered to the defendant, each and both of said warrants being drawn in favor of the defendant, and made payable to his order,—one thereof being for the sum of thirty-eight dollars and thirty-three cents ($38.33), and drawn on the interest and penalty fund of said county and the other being for the sum of eighty-five dollars, and

drawn on the general funds of said county,—each and both of said warrants being signed by the chairman of the board of county commissioners of said plaintiff county, and attested by the county auditor of said county, and by him certified and delivered to the defendant; that, thereafter, on the 8th day of January, A. D. 1897, the said warrants were duly presented by the defendant to the county treasurer of the plaintiff county, to-wit, of the said county of Kidder, and that on said day last mentioned the said warrant that was drawn on the interest and penalty fund of said county, to-wit, the warrant for $38.33, was paid in full by said county treasurer, and that on said 8th day of January, A. D. 1897, said other warrant, to-wit said warrant drawn on the general fund of said county for $85.00, was presented by the defendant to said county treasurer of said county for payment, and was duly entered and registered by said treasurer and that said last-mentioned warrant was thereafter, to-wit, on the 16th day of November, A. D. 1897, fully paid by the county treasurer of said county, together with interest on the said principal sum thereof from and after said date of its registration, and that each and both of said warrants were so paid for and as the aforesaid pretended balance to the defendant on and of his said salary as county treasurer, as aforesaid. But the plaintiff avers that at the time when the said board of county commissioners ordered said payment as aforesaid there was not any money whatever due or owing by the plaintiff to the defendant of, for, or as his salary as county treasurer as aforesaid; that there was not at any time during the year A. D. 1897 any balance or sum of money owing by the plaintiff to the defendant on, of, or for salary as county treasurer of the plaintiff county, to-wit, the said county of Kidder, of or for any term, year, or period whatever, that each and both of said warrants last hereinbefore mentioned were ordered, drawn, executed, and delivered to the defendant without any authority of law, and that said sum of one hundred and twenty-three dollars and thirty-three cents, and said interest thereon, was paid to the defendant, without any authority of law whatever. Wherefore the plaintiff demands judgment against the defendant for the sum of one hundred and twenty-three dollars and thirty-three cents ($123.33), and interest thereon from and since the 8th day of January, A. D. 1897, at the rate of seven per cent. per annum, and for its costs and disbursements herein expended, and for general and all further relief as may be just and equitable in the premises, and as the plaintiff may show itself to be legally or equitably entitled." To which complaint the defendant answered, which answer, after excluding immaterial parts, is as follows: (2) "The defendant admits that as such county treasurer during the year A. D. 1895, exclusive of the amount received by him from his predecessor in said office, he collected the sum of thirty-three thousand six hundred and fifteen dollars ($33,615) as alleged in paragraph 4 of said complaint, and that during the year 1896, and prior to and until January 7, 1897, as such county treasurer, he collected the sum of twenty-one thousand and nine hundred sixty-three and 16-100 dollars ($21,963.16),

as alleged in paragraph 5 of said complaint, but denies that in the year 1895 he was paid the sum of eleven hundred sixty-six and 67-100 dollars ($1,166.67), as alleged in paragraph 4 of said complaint, and alleges that the total amount paid to him out of said county treasury for the year 1895 for salary was eight hundred thirty-two and 81-100 dollars ($832.81) ; and denies that for the year 1896 and the first seven days of Janaury, 1897, there was paid to him as salary the sum of eleven hundred dollars ($1,100) out of said county treasury, and alleges that for said term there was only paid to him the sum of five hundred eighty-eight dollars and thirty-three cents ($588.-33). (3) The defendant admits the allegations contained and set forth in paragraph 6 of said complaint, as follows.: That on the 7th day of January, A. D. 1897, the duly constituted board of county commissioners of the plaintiff county, in regular meeting, made a settlement with the defendant as county treasurer, and did then and there allow to defendant a claim for the sum of one hundred twenty-three and 33-100 dollars ($123.33), and ordered that the warrants of the plaintiff county be issued and delivered to the defendant for such sum, and that thereupon the two several warrants of said plaintiff county were, under and by virtue of the order of said board, duly drawn, executed, issued, and delivered to this defendant—one for the sum of thirty-eight and 33-100 dollars ($38.33) on the interest and penalty fund of said county, and the other for the sum of eighty-five dollars ($85.00) on the general fund of said county; that the said warrant for said sum of thirty-eight and 33-100 dollars ($38.33) was paid by the county treasurer of said county to this defendant on or about the 8th day of January, A. D. 1897, and that the said warrant for the said sum of eighty-five dollars ($85.00) was, on said last mentioned date, registered by said treasurer ; and the defendant denies each and every allegation in said paragraph 6 of said complaint made and contained, save and except as above specifically admitted. (4) The defendant, further answering said complaint, denies each and every allegation therein contained, and each and every part thereof, save and except as hereinbefore admitted, qualified or explained. (5) The defendant, further answering said complaint, and as and for a defense to said action, respectfully shows to the court and alleges; That during the last half of the year 1896 the duties of the office of county treasurer of said plaintiff county imposed and required so much work that it was impossible for one person to discharge the duties of the office and perform the work thereof, and that this defendant, with the knowledge, consent, and acquiescence of the board of county commissioners of said county, and by and under authority granted by said board to him, did employ and procure assistance in the discharge of the duties of said office, and did procure additional help to so perform and discharge such duties, reasonably and fairly worth, and for which this defendant did pay, the sum of two hundred dollars ($200.00), and that this defendant did settle and pay for such additional help and services with the knowledge, consent,

and acquiescence of said board of county commissioners, and with, under, and by authority from such board. That thereafter, and on the 7th day of January, A. D. 1897, said board of county commissioners had a settlement with this defendant with reference to all claims, matters, and things between the said plaintiff county and this defendant arising and growing out of his salary as such county treasurer, as well as with reference to any and all claims which he then had or might have against said county for money so expended as aforesaid for and in behalf of said county; and it was then and there agreed by and between said board of county commissioners and this defendant, after a full and fair consideration and settlement of all claims for salary and disbursements had been had by and between said county commissioners and this defendant, that there was fairly due and unpaid to this defendant from said county on account thereof the sum of one hundred twenty-three and 33-100 dollars ($123.33), and that said sum was actually so due and unpaid and owing from and by said county to this defendant; and the said board of county commissioners then and there audited and allowed to this defendant, in full payment thereof, the said sum of one hundred twenty-three and 33-100 dollars ($123.33), and caused to be issued to him therefor the said warrants for thirty-eight and 33-100 dollars ($38.33) and eighty-five dollars ($85.00), respectively, as described and set forth in said complaint. That thereafter there was paid by the said county, through and by its county treasurer, to this defendant, the said sum of thirty-eight and 33-100 dollars ($38.33) upon the one warrant so issued, but that no sum of money was ever paid by said county to this defendant upon the warrant for the said sum of eighty-five dollars ($85.00) issued and delivered to this defendant, as in said complaint alleged. Wherefore defendant demands judgment for his costs and disbursements."

The answer was successfully assailed in the trial court by two separate motions made in behalf of the plaintiff, which motions were, respectively, as follows: First, a motion was interposed to strike out of the answer certain averments contained in paragraph numbered 2 thereof, which are as follows: "But denies that in the year 1895 he was paid the sum of eleven hundred sixty-six and 67-100 dollars ($1,166.67), as alleged in paragraph 4 of said complaint, and alleges that the total amount paid to him out of said county treasury for the year 1895 for salary was eight hundred thirty-two and 81-100 dollars ($832.81), and denies that for the year 1896 and the first seven days of January, 1897, there was paid to him as salary the sum of eleven hundred dollars ($1,100) out of said county treasury, and alleges that for said term there was only paid to him the sum of five hundred eighty-eight and 33-100 dollars ($588.33)." And also to strike from the answer its fifth paragraph, and the whole thereof. These motions were based upon the complaint and answer. The district court granted the motion, and by its order struck out of the answer each and all of the parts thereof as above indicated. The grounds and

reasons for striking out said portions of the answer, as stated in said order of the trial court, are that said portions of the answer "are irrelevant and irresponsive to any of the allegations of the plaintiff's complaint and frivolous."

The plaintiff's other motion was leveled exclusively at the third paragraph of the answer. The plaintiff, in its notice of motion, asked for an order of the district court directing, in effect, that paragraph No. 3 of the answer be so amended as to make the same more definite and certain with respect to certain particulars which are enumerated in the moving papers; but such particulars, from our point of view, need not be further mentioned in this connection. The last-mentioned motion was likewise granted, and the trial court, by its order granting the same, directed that, after being amended in the third paragraph in respect to the particulars set out in the order, the answer should be served upon the plaintiff's counsel. The two motions were heard and decided at the same time, and the orders granting the same bear the same date. Defendant has appealed to this court from each and both of the orders, and, as they are closely related, they may conveniently be discussed and disposed of together.

Error is assigned in this court predicated upon granting said motions of the plaintiff, and making each of the orders appealed from. It is our judgment that the plaintiff's assignments of error are entirely sound and must therefore be severally sustained. It is well established that averments contained in pleadings should be liberally construed with a view to expediting a speedy trial upon the facts and merits in furtherance of justice. From our standpoint the answer of the defendant as framed and served squarely and fully meets the issues of fact tendered by the complaint, and we confess that we are wholly unable to understand upon what principle of law or upon what rule of construction the trial court reaches the conclusion that the averments in paragraph 2 of the answer, which are directed to be stricken out, are obnoxious either as irrelevant or frivolous averments We cannot accept this conclusion of the trial court. The matters stricken from paragraph 2 of the answer are, in our opinion, responsive to specific statements of fact contained in the complaint. The complaint alleges, in substance, that the defendant received and was paid as salary the sum of $1,166.67 in the year 1895, and received and was paid as salary in 1896 the sum of $1,100; and further alleges that these amounts, respectively, fully paid all claims of the defendant for salary as county treasurer for each of said years. The averments ordered stricken out of paragraph 2 of the answer have reference to the alleged payments of salary in the years 1895 and 1896, and such averments, we think, most explicitly deny that such payments were made to the amount stated in the complaint, and allege in terms that only certain smaller amounts were paid defendant in said years as salary, and the answer states in terms the several amounts which defendant alleges were paid to him as salary in those years. The averments stricken out, in our opinion, sharply raise an issue of fact invited in the complaint, viz. whether the amount due defendant as

salary for the years 1895 and 1896 was paid in full, as alleged in the complaint; or, on the other hand, whether the defendant's salary as county treasurer was paid only to the extent set out in paragraph 2 of the answer.

Turning now to a consideration of paragraph 5 of defendant's answer, we are compelled to say with respect thereto that we cannot accept the conclusion of the trial court to the effect that this paragraph is either irrelevant or frivolous. Paragraph numbered 4 of the answer embodies a general denial of the allegations of the complaint except those qualified, explained or admitted by the answer. This general denial includes a denial of plaintiff's statement, reiterated in the complaint, to the effect that no salary was due the defendant when he presented a claim to the county board on January 7, 1897. Paragraph 5 (that stricken out) clearly alleges that defendant had a claim on account of salary at said date, and that said claim, together with another claim of defendant, was presented to the county board, and that as a result of the presentation of such claims an accounting was had, and a compromise was reached as between the defendant and the plaintiff which resulted in the allowance of the claims of the defendant to the amount sued for in this action. We think paragraph 5 should stand in the answer as a basis upon which the defendant can offer evidence either to show that his claim for salary was just and legitimate, in whole or in part; or, on the other hand, to show that the amount he received on such settlement was due him in whole or in part on account of the other claim of defendant referred to and set out in paragraph 5 of the answer. The plaintiff has brought an action for money had and received, and has alleged that the amount sued for was an overpayment to defendant on account of salary, and plaintiff alleges that no salary was due at the time the claim was allowed by the commissioners, and paid out of the plaintiff's treasury. The defendant is clearly entitled to have a jury pass upon the questions of fact raised by the complaint and answer, and is entitled to show that the claim allowed and paid to him was not an overpayment on account of salary, or that it was, on the other hand, a payment of some other lawful demand of his against the county. It should be kept in mind that in disposing of the plaintiff's motion to eliminate portions of the defendant's answer the trial court was not, and this court is not, called upon to carefully weigh and consider the answer with a view to determine its legal sufficiency as a pleading. Whether the answer does or does not embody a legal defense to the cause of action set out in the complaint was in no wise raised by the plaintiff's motions to strike out parts of the answer as irrelevant and frivolous. The legal sufficiency of a pleading can be raised by a demurrer, but cannot be raised by such a motion as this. As we have already said, we deem the matter stricken from the answer to be entirely relevant and pertinent to the issues, and we think that the same is far from being frivolous in character. Authority in support of our views in this

feature of the case is, in our judgment, quite unnecessary, and hence none will be cited.

There remains for consideration the order of the district court, above referred to, directing the answer of the defendant to be amended in such a manner as to make the third paragraph thereof more definite as regards certain particulars which are enumerated in the motion papers, but which it is not deemed necessary to set out at length in this opinion. The paragraph ordered to be made more definite has reference exclusively to the averments and matters of fact embodied in the sixth paragraph of the complaint. Both of these paragraphs have been set out in full in this opinion. A comparison of the two will show that the third paragrph of the answer consists, first, of specific admissions of certain facts alleged in the sixth paragraph of the complaint, and then winds up with a denial of "each and every allegation in said paragraph six of said complaint, save and except as above specifically admitted." The only construction which we have been able to place upon the language of the third paragraph of the answer is that said language, when considered as a whole, consists of admissions and denials which are reasonably responsive and definite when considered with reference to the matters of fact pleaded in the sixth paragraph of the complaint.

Our conclusion is that the orders appealed from were erroneously made and that the same should be reversed, and this court will so direct. All the judges concurring.