# FIRST NATIONAL BANK OF WESTHOPE, a Corporation, v. J. M. MESSNER, et al.

### (141 N. W. 999.)

**National banks — loans — real estate — security — voidable — sovereign — ultra vires — debtor — no defense.**

1. A loan made by a national bank upon real estate security, although prohibited by § 5137, U. S. Rev. Stat. ed. 1878, U. S. Comp. Stat. 1901, p. 3460, is voidable, and not void, and the sovereign alone can be heard to object. Its *ultra vires* nature cannot be pleaded as a defense by the debtor.

**Agent to collect — release — notes — securities — face value — liability — action — damages — principal — original debtor.**

2. Where an agent to collect, in violation of his duty, releases notes and securities for less than their face value, he can be held liable in an action for damages brought by his principal, even though such principal has not first sought to collect the sum so remitted from the original debtor, or to set aside the release and reassert his lien in a court of equity upon the securities. The principal is not required to undo, or to seek to undo, that which his agent has voluntarily done.

**Suit — principal — agent — unauthorized act — damages — ratification — pleading — defense.**

3. In a suit by a principal against an agent for damages arising out of an unauthorized act, the complaint is not required to negative a ratification by such principal. The ratification, if any, would be a matter of defense.

**Complaints — construed liberally — interpretation.**
> 4. Under the Code of Civil Procedure, complaints are liberally, and not strictly, construed, and the old rule that pleadings are to be interpreted strictly against the pleader no longer obtains.

Opinion filed April 28, 1913.

Appeal from the District Court for Bottineau County, *Burr*, J.

Action to recover damages caused by the alleged unauthorized act of plaintiff's agents, defendants in this action.

From an order overruling defendant's demurrer to the complaint, defendants appeal.

Affirmed.

This is an appeal from an order overruling a demurrer to a complaint. The complaint, among other things, alleges that the plaintiff bank loaned money to the Westhope Land & Loan Company, which said loans were secured by real estate securities; that at the times mentioned, the defendant J. M. Messner was the cashier of the plaintiff bank, and also the secretary and a stockholder of the Westhope Land & Loan Company; and that the defendant Hilleboe was vice president of the said bank, and president and a stockholder in the land company; that for a long time prior to the suit they had ceased to be such officers of said bank, but continued to be officers and stockholders of the land company; that "all of said loans were thereafter repaid by the said Westhope Land & Loan Company to this plaintiff, without interest; and that these two defendants, without right or authority, and with full knowledge of all the terms of the agreements hereinbefore set forth, and in violation of their duties as cashier and vice president, respectively, of this plaintiff, and with the wrongful intention of defrauding this plaintiff, and with wrongful intention of perverting the funds of this plaintiff to their own use, did wrongfully and unlawfully jointly conspire to and did convey and release to the said Westhope Land & Loan Company the real estate securities held by this plaintiff to secure the payment of said loans, together with interest thereon, and failed and neglected to collect the stipulated interest on the said loans, all to the plaintiff's damage in the sum of $2,957.28, no part of which has been paid, though payment thereof has been demanded; that the said West-

hope Land & Loan Company has neglected and refused to pay said interest or any part thereof, and is, and for a long time prior hereto has been, insolvent, and without any property out of which any judgment against the said company can be collected either upon execution or otherwise, and has no property subject to levy under any process whatsoever."

The demurrer raised the objection that the complaint did not state facts sufficient to constitute a cause of action, and specified that the same did not charge "that the defendants were directors in the plaintiff bank or had any part in the making of the forbidden contract to loan the Westhope Land & Loan Company money on real estate security (which, it was maintained, the Federal statute forbade), or had anything to do with the making of the loan, or that the same was done with their knowledge, consent, or participation. It asserted (2) "that said loans were afterwards repaid by said Westhope Land & Loan company to the plaintiff without interest, and that the complaint fails to allege that the payment did not extinguish the obligation of the land company, or that the interest on the loans remained still due and unpaid;" (3) that the complaint failed to allege that the release was made with knowledge of the existence of any indebtedness, or with knowledge of the fact that the debt secured was not fully paid; (4) that the complaint "alleged that this release by the defendants was without right or authority, which, if true, would not extinguish the lien as between the plaintiff and the land company, and that it failed to allege that the unauthorized release was not afterwards ratified by the bank, or that any facts existed or still exist which would prevent the bank from subjecting the security to the payment of the debt;" (5) that the complaint "said that any indebtedness from the land company to the bank, if it existed, was still in force after the alleged release, and failed to allege that the land company was not solvent at the time the release was made, and failed to show why the bank did not collect the balance of the said indebtedness, if any;" (6) that the complaint "failed to show that the property cannot now be subjected to the payment of the debt;" it also asserted, (7) that while the complaint alleged that the agreement or conveyance was made prior to June 5, 1905, it did not allege when the conveyances to the bank were made, and failed to allege when the real estate was released by these defendants, and failed to show

that the release was within five years of the date of the conveyance to the bank, or within the time that the bank could hold either possession or title for the purpose of security under § 5137 of the United States Banking Laws of 1878."

*Noble, Blood & Adamson,* for appellants.

A conveyance or mortgage of real estate to a national bank as security, except for a prior indebtedness, is prohibited by law. U. S. Rev. Stat. ed. 1878, § 5137, U. S. Comp. Stat. 1901, p. 3460.

*Soule & Cooper* and *Bangs, Cooley, & Hamilton,* for respondent.

The United States alone has the right to complain of any infraction of the National Banking Laws. 2 Morse, Banks & Bkg. 4th ed. p. 1187, § 750. As against a demurrer, a pleading will be deemed to allege whatever can be implied by fair and reasonable intendment. Sommer v. Carbon Hill Coal Co. 32 C. C. A. 156, 59 U. S. App. 519, 89 Fed. 54; Roberts v. Samson, 50 Neb. 745, 70 N. W. 384; Wenk v. New York, 171 N. Y. 607, 64 N. E. 509; Emerson v. Nash, 124 Wis. 369, 70 L.R.A. 526, 109 Am. St. Rep. 944, 102 N. W. 921.

BRUCE, J. (after stating the facts as above). It is unnecessary for us to consider the question of the authority of the bank to make real estate loans. Banks are more and more coming to be looked upon as quasi public institutions, and their solvency to be regarded as a matter of public interest. Actions which are brought by them to collect their loans and to realize upon their assets are, for this reason, looked upon as actions which are brought not merely for the benefit of the stockholders, but of the depositors, also. Such being the case, even though the officers of a national bank may make an *ultra vires* contract, and may make a loan upon real estate security which is prohibited by § 5137, U. S. Rev. Stat. ed. 1878, U. S. Comp. Stat. 1901, p. 3460, the courts have held that the sovereign can, alone, interfere, and that the debtor will not be allowed to assert the invalidity of the mortgage or of the transaction. These rulings and considerations must, also, in logic apply where an officer or agent of the bank releases a debt for less than its face value, and is sought to be held liable therefor. He is not sued by the directors or officers of the bank, but by the bank itself, which, to all intents and purposes, is a trustee, as it were, for

the depositors as well as for its stockholders. The *ultra vires* nature of the security, therefore, and of the transaction, can no more be pleaded by him than it can be by the original debtor. Such loans are voidable and not void, and the sovereign alone can be heard to object. 2 Morse, Banks & Bkg. 4th ed. p. 1187, § 750; Warner v. Dewitt County Nat. Bank, 4 Ill. App. 305; Union Nat. Bank v. Matthews, 98 U. S. 621, 25 L. ed. 188; Fleckner v. Bank of United States, 8 Wheat. 338, 5 L. ed. 631; Franklin Co. v. Lewiston Inst. for Savings, 68 Me. 43, 28 Am. Rep. 9; 2 Morse, Banks & Bkg. 1184.

Nor is there any merit in the contention that the complaint fails to allege why the bank, after discovering the fact of the unauthorized release, did not, by some proceeding in equity, seek to reassert the lien of the mortgage upon the real estate, or to collect the interest from the debtor. We do not understand the law to be that an agent who is sued by his principal for a violation of his duty, and for having accepted less than the face value of his principal's claim, and for having released the debt and the securities, can compel his principal to undo or seek to undo that which he, the agent, has voluntarily done. There can certainly be no question that, prima facie, the principal is damaged to the amount of the interest which has not been collected. 1 Clark & S. Agency, §§ 402-d, p. 903, 402-g, p. 905; Kempker v. Roblyer, 29 Iowa, 274; Continental Ins. Co. v. Clark, 126 Iowa, 274, 100 N. W. 524. In this view of the case, also, the allegation as to the insolvency of the land company is mere surplusage, and the objection that such insolvency is not by the language of the complaint related to the time of the release is without merit.

There is also no merit in the objection that the complaint fails to allege that the unauthorized release was not afterwards ratified by the bank. This was a matter of defense, and the ratification, if any, was not required to be negatived by the complaint. We have yet to learn that the law presumes a ratification of an unauthorized act.

Nor is there anything in the contention that the complaint does not allege that the payment did not extinguish the obligation, or that the interest on the loan still remained due and unpaid. These facts are alleged with sufficient clearness to be paid to a lawyer of ordinary understanding, and such is practically all that is required. Under our Code of Civil Procedure, complaints are liberally, and not strictly,

construed (see § 6869, Rev. Codes 1905), and the old rule that pleadings are to be interpreted strictly against the pleader no longer obtains. Manning v. School Dist. No. 6, 124 Wis. 84, 102 N. W. 356; Duryee v. Friars, 18 Wash. 55, 50 Pac. 583; Sommer v. Carbon Hill Coal Co. 32 C. C. A. 156, 59 U. S. App. 519, 89 Fed. 54; Roberts v. Samson, 50 Neb. 745, 70 N. W. 384; Wenk v. New York, 171 N. Y. 607, 64 N. E. 509; Emerson v. Nash, 124 Wis. 369, 70 L.R.A. 326, 109 Am. St. Rep. 944, 102 N. W. 921; Finch v. Park, 12 S. D. 63, 76 Am. St. Rep. 588, 80 N. W. 155; Kidder County v. Foye, 10 N. D. 424, 87 N. W. 984; Busta v. Wardall, 3 S. D. 141, 52 N. W. 418; Donovan v. St. Anthony & D. Elevator Co. 7 N. D. 513, 66 Am. St. Rep. 674, 75 N. W. 809; Rev. Codes 1905, § 6869.

The order of the District Court overruling the demurrer is sustained, and the cause is remanded to said court for further proceedings according to law.

Goss, J., being disqualified, did not participate.