JOHN JARSKI, Appellant, v. JOHN R. JONES and Chas. Hein, Respondents.

(201 N. W. 688.)

**Bills and notes — one signing note in capacity of agent held not liable, in absence of showing of want of authority.**

1. A note which, in its body, contained no reference to any maker was signed as follows: Stock Holders Account By John R. Jones, Chas. Hein. The payee sued J. and H. as joint and several makers. It is *held:*

Under § 20 of the Uniform Negotiable Instruments Act (Comp. Laws 1913, § 6905) J. does not appear as a maker but as an agent for the maker, and to charge him on the note additional facts must be alleged.

**Bills and notes — one signing note held prima facie liable as maker.**

2. The form and position of the signatures above do not negative liability of H. as a maker, and he may be properly sued as such.

Opinion filed December 17, 1924.

Bills and Notes, 8 C. J. § 198 p. 108 n. 32; § 266 p. 156 n. 61, 65; § 1123 p. 857 n. 85; § 1146 p. 875 n. 8 New; § 1147 p. 876 n. 17.

---

Note.—Place of maker's signature on bill or note, see annotation in 20 A.L.R. 394.

Appeal from the District Court of Richland County, *Wolfe, J.*
Affirmed as to Defendant Jones and reversed as to Defendant Hein.
*Purcell & Slattery,* for appellant.
*Lauder & Lauder,* for respondents.

BIRDZELL, J. This is an appeal from an order sustaining a demurrer to the complaint. The complaint is in the usual form employed in actions upon promissory notes. It alleges in the first paragraph that the defendants, John R. Jones and Chas. Hein, for value received, made, executed and delivered to the plaintiff their joint and several promissory note. It then sets forth the note as follows:

> Hankinson, North Dakota,
> November 1st, 1921. No. ——.

November 1st, 1922 after date, I promise to pay to the order of John Jarski ($2,400.00) Twenty-four Hundred and No/100 Dollars For Value Received, payable at the Farmers and Merchants Bank, Hankinson, North Dakota, with interest at the rate of six per cent per annum from date until due, and ten per cent after due until paid, on both principal and past due interest, interest payable annually. All endorsers, sureties, guarantors and assigns severally waive demand, notice of non-payment of this note and all defense on the grounds of any extension of the time of its payment that may be given by the holder to them or either of them, or the maker or makers thereof.

> Stock Holders Account.
> By John R. Jones,
> Chas. Hein.
> P. O. Address Hankinson, N. D.

Note Extended to 11/1–1923.

INTEREST PAID

11/9–1922.   $144.00 paid Int. to 11/1–1922.

It alleges ownership in the plaintiff and non-payment, and concludes with a demand for judgment against each of the defendants.

It is contended on behalf the plaintiff and appellant that the complaint states a cause of action against both defendants; that, construing the pleading most strongly against the pleader, there is at least an ambiguity apparent on the face of the note such as will justify resort

to parol evidence upon the trial to show that the parties in fact gave the note as their personal obligation, or that in any event there is no prima facie indication that Hein was acting in the capacity of an agent and hence the complaint states a cause of action against him; and that if the defendants, or either of them, purported to bind a principal (Stock Holders Account), it might be shown on the trial that they had no authority, in which event they would be personally liable under § 20 of the Uniform Negotiable Instruments Law, § 6905, Comp. Laws 1913. On the other hand, it is contended that the instrument does not purport to be the note of the defendants but of a principal described as "Stock Holders Account;" that there is no ambiguity and hence that sufficient facts are not stated to constitute a cause of action against the defendants or either of them.

The question is a narrow one and one that must be decided without substantial assistance from the decided cases. Section 20 of the Negotiable Instruments Law, § 6905, Comp. Laws 1913, supra, reads:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

It is apparent that the instrument in question contains words indicating that an impersonal principal—whether an entity or not does not appear—is *the* or *a* maker and that its name was affixed by a person or persons purporting to act for it. In no other way could it execute an instrument. It would seem to be clear that before Jones could be held on this instrument it would be necessary to prove that he was not "duly authorized." His liability is one which, in the absence of the above statute, was regarded as a liability for breach of warranty of authority. It was not the liability of a maker (See Brannon, Anno. Neg. Inst. Law, 3d ed. page 69, note). While the Act implies or states that such an one may be liable on the instrument, we are of the opinion that a complaint under which he can only be charged personally in the event of the absence of such authority is deficient in its allegations of fact if it omits this allegation. It is the office of a pleading to state concisely the facts relied upon, and it is no hardship upon the pleader to require

him to state whether he seeks to hold a defendant as the maker of a note or as one who has become liable by virtue of having purported to bind another in that capacity without having been authorized so to do. The instrument can not be considered ambiguous as to Jones without entirely disregarding the signatory words "Stock Holders Account." As to Jones, therefore, we are of the opinion that the demurrer was properly sustained.

As to Hein, we can see no distinction between his situation and that of any person whose signature appears on the face of an instrument after that of some other person or entity whose signature is complete in itself, except that the position of his signature is such that there may be some doubt whether he joined in the attempt to bind the first signer as its agent. In this event the most favorable position he could occupy would be that of a party seeking immunity through his own equivocal act. He has not described himself as an agent or as an officer of a corporate maker. He seeks to shield himself behind a word that might well have exhausted itself in describing the connection between "Stock Holders Account" and Jones. We are not to be understood as holding that the instrument is ambiguous as to him (on this question we express no opinion), but only that prima facie he is personally bound and that even if ambiguous in the respect indicated it might be shown that he was in fact a maker. The complaint, therefore, is sufficient to state a cause of action against him as a maker.

The order appealed from is affirmed as to Jones and reversed as to Hein.

CHRISTIANSON, NUESSLE, and JOHNSON, JJ., concur.

BRONSON, Ch. J. (dissenting). Under the statute and decisions of this court the rule of liberal, not strict, construction applies to pleadings. Comp. Laws 1913, § 7458; First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999. Applying this liberal rule of construction, I am of the opinion that the complaint, setting forth the note in full, alleging the execution of the same by the defendants and their indebtedness to plaintiff by reason thereof, is sufficient to admit proof either that defendants signed the same as individuals or are individually liable. See 8 C. J. 876; Albany Furniture Co. v. Merchants Nat.

Bank, 17 Ind. App. 531, 60 Am. St. Rep. 178, 47 N. E. 227; McKensey v. Edwards, 88 Ky. 272, 3 L.R.A. 397, 21 Am. St. Rep. 339, 10 S. W. 815; Grafton Bank v. Flanders, 4 N. H. 239. A motion to make more definite the allegations of the complaint might have obviated this appeal as well as many questions now presented, speculative in their nature. In my opinion the application of a technical or somewhat strict interpretation of the pleadings serves merely to delay the ascertainment of the evidentiary facts and the expeditious administration of justice. The demurrer should have been overruled as to both defendants.