This is an action on a promissory note signed "Dickinson Baseball Association by J.C. Anderson, President, and Fred J. Flury, Secretary." The Dickinson Baseball Association was a voluntary association composed of a large number of the residents of Dickinson and organized for the purpose of furnishing baseball amusement during the season of 1921. One H.E. Skauge, cashier of the Dakota National Bank and codefendant in this case acted as treasurer and during the season his bank advanced sums of money from time to time to the association by paying the bills so that the association account in the bank was overdrawn to the extent of $1,400, the face of the note afterwards given. The cashier was anxious to have the account in proper shape and approached the defendants Anderson and Flury for the purpose of getting a note. As usual there is some conflict in the testimony, but the contention of the defendants Anderson and Flury, is that the first note presented to them for signature was one whereby they themselves would be the makers in person. They claim they refused to sign such note and thereafter the cashier changed the proposed note so that it was signed Dickinson Baseball Association by president and secretary. On the back of the note was written the following guaranty; "We hereby guarantee the payment of this note, waiving demand, non-payment and protest," which bears the signatures of the defendants Anderson and Flury, H.E. Skauge and one A.P. Nachtwey. It is the contention of the defendants that at the time of the signing of the note there was an agreement between Anderson and Flury and the cashier that by signing the note "Dickinson Baseball Association by J.C. Anderson, President, and F.J. Flury, Secretary," these defendants would incur no personal liability and there was a further contention that the guaranty on the back of the note was not to go into effect *Page 894 
until the same was signed by fifteen persons and that the cashier made such promise and inducement and had possession of the note and kept it for the purpose of getting these other signatures. The trial court found against the defendants. Findings of fact were waived by the parties. Judgment was rendered against the defendants Anderson and Flury and H.E. Skauge, and the case dismissed as to defendant Nachtwey. The defendant Skauge defaulted in the action and the defendants Anderson and Flury appeal to this court from the judgment rendered against them.
It will be observed that this indebtedness sued upon is the indebtedness of a voluntary association which has no standing in court so that it can be sued as a legal entity. There is no question but what the defendants Anderson and Flury were members of this association. The record shows these defendants were the acting officers together with the cashier Skauge who appeared to act as treasurer. They were the active managers of the association and knew of the debts contracted and knew that they were paid, or being paid, by the bank. Being members of the association the debts of the association were their debts. The making of the note did not create the liability. They were already liable. Hence any promise or agreement of the cashier would be of no avail. The note sued upon reads as follows:
$1,400.00 Dickinson, North Dakota, Sept. 6th, 1921.
On demand after date for value received we promise to pay to the order of Dakota National Bank of Dickinson, Fourteen Hundred Dollars at the Dakota National Bank, Dickinson, N.D., with interest payable semi-annually at the rate of 10 per cent per annum before and after maturity and if interest is not paid when due to become as principal and bear same rate of interest.
The Makers, Sureties, Endorsers and Guarantors of this note hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest.
Due Demand
Dickinson Baseball Association By J.C. Anderson, President By Fred J. Flury, Secretary. *Page 895 
There is no contention that the money was not advanced nor that the debts were not incurred. The main defense which the defendants interpose is to the fact that they were not to be liable personally upon the note. The record shows the defendant Skauge was a member of the association and was not in position to waive the liability of his comembers. Defendants contend that by signing the note "Dickinson Baseball Association" by Anderson, President and Flury, Secretary they signed in representative capacities only.
The rule is well settled that "an association not engaged in business enterprises, and the objects of which do not contemplate profit or loss is not a partnership, and the liability of its members for debts contracted in behalf of the association is governed, not by the principles of partnership, but by those of agency. Membership, as such, imposes no personal liability for the debts of the association; but to charge a member therewith it must be shown that he has actually or constructively assented to or ratified the contract upon which the liability is predicated." 5 C.J. 1363.
The Dickinson Baseball Association was evidently composed of a large number of members. Being members of the Baseball Association, as such would not create a personal liability, but in the case at bar we have two of the members actually assenting to the contract upon which the liability is predicated. True, they claim that when they signed, they signed solely on the ground that they were acting only as agent and with no intention to bind themselves personally; in fact, that there was a distinct agreement that they were not to be bound. In the case of Detroit Light Guards Band v. First Michigan Independent Infantry,134 Mich. 598, 96 N.W. 934, it is held "one who makes a contract on behalf of a voluntary association is personally liable thereon although he is acting only as agent for the association, and does not intend to bind himself."
If "an officer of a voluntary association enters into a contract in behalf of the association he is liable thereon as an individual irrespective of the liability of the associate members although he does not intend to render himself liable and believes that the law does not render him so." 5 C.J. 1351. This rule is upheld in the case of Medlin v. Ebenezer Methodist Church,132 S.C. 498, 129 S.E. 830. This court says an "officer of (an) association having authority to do so and entering *Page 896 
into contract on behalf of an association thereby binds all members, including himself, and generally incurs an individual liability irrespective of his liability as a member." The alleged agreement between the cashier and the defendants could not alter the liability of the defendants to the bank. The bank is in the situation of saying: "We have a note signed by the Dickinson Baseball Association and this association is not a legal entity and you gentlemen whose names are attached to the note as officers are the only members of the association we know, and so we are suing you under that name; if there are any others you could have had them interpleaded."
Because of the lack of findings we cannot say with certainty what the facts are as understood by the district court. The case was properly triable to a jury and the jury was waived. In such case the decision of the court on the facts, as said by this court in the case of State Bank v. Maier, 34 N.D. 259, 268, 158 N.W. 346, come here with all the presumptions in favor of its correctness. Appellants must be able to show the court that such findings are against the preponderance of the evidence. This rule is stated clearly in Griffith v. Fox, 32 N.D. 650, 156 N.W. 239. It is the contention of the plaintiff that the defendants ratified this agreement contained in the note, and there is nothing to indicate they did not. Evidently the court did not hold the defendants on the guarantee as he dismissed the case against Nachtwey. Appellant cites the case of Jarski v. Jones,52 N.D. 25, 201 N.W. 688, to the effect that this case is authority for the limitation of liability in a case of a non-entity. We do not so construe this case. In the case cited the complaint alleged the making of a note signed "Stockholders account by John R. Jones —
"Chas. Heim."
The complaint did not say whether "Stockholders account" was a legal entity or not and therefore not showing it was a non-entity the complaint on demurrer was held to be a complaint against John R. Jones in a representative capacity. The court in effect said: "We do not know whether `Stockholders Account' is a legal entity or not; you do not show this; therefore we assume Jones signed merely as a representative."
In the case at bar it is conceded the association is not a legal entity. The defendants entered into the contract intending to bind this association, *Page 897 
and by doing so they bound the association, but they themselves are the association and so they bound themselves. The trial court found correctly that they were liable and the judgment is affirmed.
BIRDZELL, Ch. J., and NUESSLE, BURKE, and CHRISTIANSON, JJ., concur.