[File No. 6467.]

REEDER SPECIAL SCHOOL DISTRICT No. 3, a Corporation, Respondent, v. PETER MOLLAND and Myrtle Molland, Appellants.

(272 N. W. 329.)

Opinion filed April 2, 1937.

*Theo. B. Torkelson,* for appellant.

*F. M. Jackson,* for respondent.

CHRISTIANSON, Ch. J.   Plaintiff brought this action to foreclose a mortgage upon certain land in Bowman county in this state.   The mortgage was executed and delivered by the defendants to the First State Bank of Reeder on July 31, 1931, to secure the payment of a note in the sum of $1000.00.   Thereafter the First State Bank of Reeder became insolvent and proceedings were instituted by the Attorney General to wind up its affairs.   In such proceeding a receiver was appointed and the assets of the bank, including the above mentioned note and mortgage, came into the possession of the receiver.

At the time the First State Bank of Reeder closed the plaintiff school district had a large deposit in such bank.   The deposit was secured by a depository bond signed by individual sureties.   The plaintiff duly submitted its claim to the receiver.   The claim was approved and receiver's certificate issued to it in the sum of $60,833.13.   After plaintiff's claim had been approved and receiver's certificate issued to it, an agreement was made between the officers of the plaintiff school district and the receiver for a settlement of plaintiff's claim.   Under the terms of such agreement it was provided that the receiver should transfer to the plaintiff school district certain securities belonging to the bank and in his possession.   The proposed settlement was submitted to the district court in which the receivership proceeding was pending for approval.   All interested parties were given notice, and, after hearing, the court made an order approving the proposed settlement.   Under the terms of the settlement as approved by the district court it was provided that the plaintiff should retain its claim against the sureties on the depository bond.   The note and mortgage in-

volved in this action, together with certain other securities, were thereupon assigned to the plaintiff by the receiver and the same have been in the possession and under the control of the plaintiff school district since July, 1932.

The defendants failed to pay the indebtedness secured by the mortgage. The plaintiff served notice of intention to foreclose. The default continued and plaintiff thereupon instituted this action, to foreclose the mortgage.

The defenses interposed by the defendants in the trial court and urged on this appeal are:

(1) "The plaintiff school district had no power or authority to hold or to own, and consequently does not own the note and mortgage in suit, and, hence, cannot maintain this action."

(2) "The plaintiff school district did not authorize nor direct the institution of the action."

These are the only issues raised on this appeal. They will be considered in the order stated.

(1) It is undisputed that in July, 1931, the defendants, for a valuable consideration, executed and delivered the note and mortgage in suit to the First State Bank of Reeder; that such bank subsequently became insolvent, a receiver was appointed, the assets of the bank came into the custody and control of such receiver, and the note and mortgage in suit were part of the assets of the bank that so came into the possession of the receiver. It is also undisputed that the plaintiff school district had a valid claim for its deposit in the bank and that such claim was duly approved in the receivership proceeding; that a settlement or compromise of such claim was made between the receiver and the plaintiff school district which was duly approved by the district court, pursuant to the terms of which certain of the assets in the possession of the receiver, including the note and mortgage involved in this suit, were transferred to the plaintiff school district in payment or adjustment of its claim against the bank as allowed in such receivership proceeding. It is further undisputed that the defendants have paid no part of the indebtedness evidenced by their note; that they are now duly indebted thereon for the full amount of principal and interest and that they have no valid defense or counter-claim against the legal owner and holder of such note and mortgage.

But appellants insist the plaintiff school district had no authority to compromise the claim and to accept in settlement thereof anything but money; that the plaintiff school district had no authority to accept the note and mortgage in suit as payment of any part of its claim and that, hence, it is not the owner of the note and mortgage or entitled to recover thereon.

The laws of this state provide that a special school district "shall possess all the power and duties usual to corporations for public purposes" or conferred upon it by the statutory provisions relating to such special districts; that "it may sue and be sued, contract and be contracted with, and hold and convey such real and personal property as shall come into its possession by will or otherwise." Comp. Laws 1913, § 1241. The Board of Education of the plaintiff school district had authority to make a good faith compromise and settlement of any outstanding claim in favor of the school district. In the absence of express or implied inhibition, the power to sue and be sued carries with it by necessary implication power to make honest and reasonable compromises and settlement of claims. Frazier v. Schultz, 54 N. D. 253, 209 N. W. 373; Snyder v. St. Paul, 197 Minn. 308, 267 N. W. 249, 105 A.L.R. 168.

In this case there is nothing to indicate that the Board of Education did not act in good faith and for the best interest of the school district; nor is there anything to indicate that the plaintiff school district is not a distinct gainer as a result of the settlement that was made. The settlement was fully executed more than three years before this action was brought. No one has challenged the regularity or the validity thereof. It is sought to be attacked here by the makers of a note and mortgage that were transferred pursuant to such settlement. This may not be done. The makers of a note may not thus collaterally attack the regularity or validity of the transfer of a note in an action by the transferee to enforce the note. 14A C. J. 335; 8 C. J. pp. 800, 801; First Nat. Bank v. Smith, 8 S. D. 7, 65 N. W. 437; First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999. Even though it be assumed that the settlement between the plaintiff school district and the receiver of the First State Bank of Reeder was voidable and might have been set aside if assailed directly, clearly the defendants here

are in no position to question the regularity or validity of the transaction.

As a general rule the transfer of a promissory note "cannot be attacked by the maker for irregularity or as unauthorized, or in fraud of creditors, or ultra vires." 8 C. J. pp. 800, 801. Thus "want of authority in a national bank to purchase a negotiable note cannot be used by the maker of the note as a defense in an action upon it." First Nat. Bank v. Smith, 8 S. D. 7, 65 N. W. 437. Nor could one who obtained a loan from a national bank upon real estate security be heard to say in a suit upon the note that the bank was not authorized to make such loan. First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999.

(2) Our laws provide that it "shall be unlawful for any agent or attorney of any mortgagee, assignee, person or persons, firm, corporation, executor, administrator, trustee or guardian, owning or controlling any real estate mortgage to foreclose the same until he shall receive a power of attorney from such mortgagee, assignee, person or persons, firm, corporation, executor, administrator, trustee or guardian, authorizing such foreclosure, and in foreclosure proceedings by action the possession of such power of attorney shall be alleged in the complaint." Comp. Laws 1913, § 8075, as amended by chapter 144, Laws 1927. In the complaint in this action it is alleged that a power of attorney was executed by the plaintiff school district to the plaintiff's attorney of record in this action; and upon the trial a power of attorney, executed by the plaintiff school district to such attorney of record, was offered and received in evidence. Presumptively it was executed pursuant to authority given by the board of education of the plaintiff school district. This presumption was supported by the testimony of one of the members of the board of education. He testified that the board of education had tried to collect the note and mortgage from the defendants; that they failed and refused to pay, and that the board thereupon authorized the foreclosure of the mortgage and the execution of the power of attorney. No one authorized to speak for the plaintiff school district has questioned the fact that the action was instituted by and for the school district. Upon the record presented there can be no doubt that it was so instituted, and that if the defendants pay the amount of the judgment rendered in this case

they will be discharged from all liability upon such note and mortgage.

The record on this appeal presents no reason for disturbing the judgment. It must be, and it is, affirmed.

Morris, Burke, Nuessle and Burr, JJ., concur.