## ABRAHAM L. WINNE

*v.*

## DAVID S. HAMMOND *et al.*

1. INSTRUCTIONS—*evidence is for the jury.* It is error for the court to instruct the jury as to what is not proved; that it is for them to determine; and if evidence tends to prove a fact, its consideration should not be taken from them by an instruction.

2. AGREEMENT—*what constitutes a factor.* Where a person employs another to sell goods and wares at a distant place, and agrees that the employee shall receive a certain sum yearly, and a stipulated portion of the profits for his services; and the employee is to select and rent a business house, and employ clerks and conduct the business; and all rents and expenses to be paid out of the proceeds, if sufficient; but if not, then by the employer; held that such an agreement constitutes the person conducting the business, a factor.

3. FACTOR—*his lien for wages and general balance.* Held that a factor has a lien on the goods and wares entrusted to him for sale, not only for his commissions, but for a general balance, for monies advanced, on account of the business.

4. CREDITORS OF THE PRINCIPAL—*must satisfy the factor's lien before they levy.* Creditors of the principal must discharge the factor's lien on the goods before they can levy their attachment, and subject the goods to their debts.

The factor has a special property in the goods of his principal, which will enable him to sue for and recover it, when wrongfully deprived of it, or to recover damages for injury done to it by others, or for its conversion; nor can a *tort feasor* question his title.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of trespass, brought by Abraham L. Winne, against David S. Hammond, Sheriff, and John A. Nelson, his deputy, in the Cook Circuit Court; and the declaration was filed to the January term, 1864. The plaintiff counts for a trespass in levying an attachment, upon a number of fire proof safes, as the property of Lewis Lillie, the defendant in the attachment. The plea of the general issue was filed, and this stipulation:

"It is hereby stipulated and agreed by and between the parties in said case, that the general issue may be filed by

the said defendants in this suit, and that any and all matters of defense or claim of title by either party, may be given in evidence under said plea by said defendant, and *all objections* are hereby waived thereto by the said plaintiff.

Dated, Chicago, November 19, 1863.

JAMES L. STARK, Attorney for plaintiff.
E. F. RUNYAN, Defendants' Attorney."

· A trial was had before the court and a jury, at the February term, 1864, of the court.

The plaintiff, on the trial, introduced the contract made with Lewis Lillie, constituting him his agent or factor, as follows, to wit:

" This agreement, made this 23d day of September, 1862, between Abraham L. Winne, of the city of Albany, of the first part, and Lewis Lillie, of the city of Troy, of the second part,—witnesseth:    That the said Winne agrees to *take charge of a store in the city of Chicago, Ill., for the said Lillie,* on the following terms:    The said Winne is to receive for his services a salary, of twelve hundred dollars per year, which sum of $1,200 is hereby guaranteed by said Lillie.    In addition thereto, the said Winne is also to receive out of the business, a sum equal to one-half of all commissions at 25 per cent. on sales; such sales to be governed by the prices as detailed in the present printed list of prices, except as the right to sell at a different price has been provided for in this agreement.    But in case the sales do not allow of a dividend of one thousand dollars over and above all expenses and salaries, (including said $1,200,) then said Winne is to have out of the net proceeds one hundred dollars additional to his said one-half of the net proceeds.

" Said Winne is to select and lease a store in said city of Chicago, take charge of the same, hire all necessary clerks and workmen for the same, take entire charge of the business *subject to the directions of the said Lillie;* all rents and expenses in conducting the business, all salaries of clerks, workmen,

and all necessary traveling expenses, are to be paid out of the proceeds of the business, estimating such proceeds at 25 per cent. on sales.    In case such proceeds of the business are not sufficient, then such *expenses to be borne by said Lillie.*    It is understood, that sheet iron safes may be sold at a discount not exceeding 25 per cent., which discount is not to be accounted for in the net result of profit and loss, chilled iron safes may be sold at a discount from list prices in the discretion of said Winne, and are to be made by him only when the importance of the sale would appear to justify such discount.    Bank locks may be sold at the discretion of said Winne, and the discount thereon not to be accounted for in the net result of profit and loss, expenses for filling and finishing safes and repairs of locks, are to be deducted from the price at which such safes and locks are respectively sold, and such expenses are not to be accounted for in estimating the net result of profit and loss.

Witness our hands, the day and year first above written.

A. L. WINNE,<br>
LEWIS LILLIE.  ·

Witness: HAMILTON B. Dox."

On the trial, and after hearing the evidence, the court gave the following instruction for the defendants:

"That by virtue of the contract under which the plaintiff rendered the services for Lillie, the plaintiff was the agent and servant of Lillie, and not a factor, and that therefore the plaintiff was not, under the evidence in this case, entitled to any lien for his services, or for the general balance of account, and that they must find for the defendant."

The jury returned a verdict in accordance with the instruction, for defendants, and plaintiff entered a motion for a new trial, which was overruled, and exceptions taken; and a judgment rendered on the verdict, against plaintiff for costs. To reverse the judgment, plaintiff brings the case to this court by appeal.

The question presented for determination is, whether under the agreement between Lillie and Winne, the latter was a factor, and as such, held a lien on the goods entrusted to him for sale, for his wages and for a general balance, for money advanced in the business; and if so, whether the court erred in giving the instruction.

Mr. JAMES L. STARK for appellant.

Mr. S. ASHTON for appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the court :

In this case, after the evidence was closed, the court instructed the jury that plaintiff was not a factor, under the contract with Lillie, and held no lien upon the property, and that they must find for the defendant. If there was evidence that plaintiff was a factor, or even if it tended to prove that he was, no matter how slight the evidence, plaintiff had the right to have it passed upon by the jury. If such evidence was before .the jury, the court transcended its authority by taking it from their consideration; and was such an. error as would require a reversal of the judgment.

It appears that plaintiff in error was employed by Lillie to sell his safes, at Chicago. By their agreement, plaintiff in error was to receive $1,200 a year out of the net proceeds of the business, and to receive a sum equal to one-half of all commissions at twenty-five per cent. on the sales. If, however, the sales should fail to allow a dividend of one thousand dollars over and above all expenses and salaries, including the twelve hundred dollars, then plaintiff in error was to receive, out of the net proceeds, one hundred dollars in addition to his half of such proceeds. Plaintiff was to select and lease a store in Chicago, take charge of the same, hire clerks and workmen, conduct the business under Lillie, and the expenses to be paid out of the business.

The lease of the business house selected by plaintiff in error, was taken in the name of Lillie. The policy of insurance was effected in the name of plaintiff in error, covering the stock in the store. Safes were shipped by Lillie to, and were received by him, and Lillie, at different times, drew drafts for various sums, in the aggregate larger than the amount of the sales, which he accepted. He received of Lillie, in safes and otherwise, the sum of $21,345.91; and advanced to him by accepting drafts, the sum of $23,140.50; leaving a general balance in his favor of the sum of $1,795.58. Hatch having attached the safes in possession of plaintiff in error, he thereupon brought this action, to recover damages for the alleged trespass in seizing the safes under the attachment.

If, under these facts, plaintiff in error was a factor, he held a lien on the property, which authorized him to hold it until his lien was discharged. Then, was he a factor, and did he hold the property in dispute in that capacity? Jacob, in his Law Dictionary, defines a factor to be the agent of a merchant living abroad. He says a factor is authorized to act by letter of attorney, with a salary or allowance for his care. Bouvier defines a factor to be "An agent employed to sell goods or merchandize, consigned or delivered to him by or for his principal, for a compensation, usually called factorage or commission." Wharton, in his Law Lexicon, gives substantially the same definition. A factor is, then, the agent, for the sale of goods or merchandize for his principal, for compensation or a commission. Nor does it seem to make any difference, that he is compensated by a salary or a percentage on the sales. Nor does the name make any difference, but it is the nature of his employment that constitutes him the factor. No reason is perceived for holding that plaintiff in error was not a factor.

There seems to be no doubt that a factor, or agent of that character, has a lien on the property entrusted to his custody for his commissions, against his principal as well as others. In Parsons on Contracts, vol. 1, p. 84, it is said, a factor has

a lien on the property in his hands, for his commissions, advances and expenses. Then there seems to be a lien on the goods, not only for his commissions, but for expenses in conducting the business, and for advances made to the principal, or in the regular course of the business. No distinction is perceived between a lien for special advances, or general advances on account of business. Nor do the books seem to limit the lien to property acquired with the money advanced, but it seems to extend to all of the property, in his hands, against third persons. No hardship can accrue from the rule as between the principal and agent. It is reasonable and just. And as between the agent and third parties, there can be no injustice, as the agent has the exclusive possession, which is the *indicia* of ownership, and hence no one can be misled into giving others credit to the true owner, on the property.

In this case, the property was taken from the possession of plaintiff, without satisfying his lien. Nor does it change the relations of the parties, or vary their rights and duties, by taking the lease of the house in the name of Lillie. Plaintiff was still the agent, to sell the goods on commission, and not a mere clerk. This in no way gave to third persons any claim paramount to plaintiff's lien. He was in the actual possession, and that was at least notice to the world, of his rights in the property. It became the duty of defendants in error, to inquire and inform themselves of his rights, and to have paid him the sum for which he held his lien, before they could levy upon the property, and take it out of his possession.

The law is well settled, and the books all concur in holding that a factor has a special property in the goods of his principal, so far as they come to his hands. And it is by virtue of his lien. This special property gives him the right to sue for and recover it, if illegally dispossessed, or to maintain trespass, for injury it may sustain by a wrong doer, precisely as if he was the general owner. Nor can a *tort feasor* question his title.

The instruction was clearly wrong, as it took the whole case from the jury, when there was evidence for their consideration. The judgment of the court below must therefore be reversed, and the case remanded.

*Judgment reversed.*