[No. 2036.]
## DEAN v. HIPP.

1. PRINCIPAL AND AGENT—RATIFICATION OF UNAUTHORIZED ACT—BURDEN OF PROOF.
In an action by a client against his attorney to recover money which the attorney collected for, and failed to turn over to his client, where the defense was a reloaning of the money, and it was conceded that the reloaning was without previous authority, but it was claimed that plaintiff had ratified the act of defendant in making the loan, the burden of proof was on the defendant to establish the ratification.
2. SAME.
To establish a ratification of an unauthorized loan made by an attorney of his client's money, it is necessary to show that the client approved the loan after being fully informed of all the material facts. And where the client was not informed as to whom the loan was made, for what time, at what rate of interest, nor upon what security, and the only information he received from the attorney was that it was loaned upon some ditch stock, there could be no ratification.

*Appeal from the District Court of Arapahoe County.*

Mr. W. W. DALE, for appellant.

Messrs. WARD & WARD, for appellee.

GUNTER, J.

Appellant sued appellee to recover $900 collected by him as appellant's attorney and charged to have been converted to his own use. On trial to a jury, at the conclusion of appellant's evidence, a nonsuit was entered. From the judgment of dismissal, consequent, is this appeal. The amount sued for consisted of the proceeds of the Waterman note and the Lyon note, hereinafter mentioned.

1. August, 1893, appellant removing from Denver for residence to Pittsburg, Pennsylvania, left with appellee, for collection, the Waterman note, amounting to about $500, maturing January 3, 1894. This was collected by appellee at maturity, knowledge of its collection not brought to appellant until about twelve months subsequent. Thereafter appellant demanded of appellee payment of the sum so collected. This was refused and has at no time been made. Appellee defends against liability for this sum, contending as ground therefor, that he reloaned it and did so with the consent of appellant. It is undisputed that appellee made the collection, that he has not paid it to appellant, and that if he reloaned it, he did so without previous authority. It is not controverted that if appellant ever consented to the reloaning assumed, it was by ratifying a previously unauthorized loan. Appellee attempted on cross-examination of appellant, and not otherwise, to establish this defense. Essential to it was proof of two facts, a reloaning of the collected money a ratification by appellant of the reloaning. Appellant had no information as to the alleged reloaning, except what appellee had told him, hence, the reloaning was not, and could not be proven by him. This failure on cross-examination of appellant was fatal to appellee's defense at that stage of the case. Further, there was a failure to establish a ratification of the assumed reloaning. The burden as to this was upon appellee. The loan if existent had been

made some months before it was brought to the attention of appellant. It was made without his previous authority. To establish ratification it was necessary for appellee to show that appellant, after being fully informed as to all facts material to the loan, approved it.

"The general rule is perfectly well settled, that a ratification of the unauthorized acts of an agent, in order to be effectual and binding on the principal, must have been made with a full knowledge of all material facts, and that ignorance, mistake or misapprehension of any of the essential circumstances relating to the particular transaction alleged to have been ratified will absolve the principal from all liability by reason of any supposed adoption of or assent to the previously unauthorized acts of an agent." *Combs v. Scott*, 12 Allen, 493; Story on Agency (9th ed.), p. 282, note 1, p. 287.

It affirmatively appears that appellant was without full knowledge of the material facts of this loan. He has never been informed to whom appellee claims to have made the loan, for what time, upon what interest, or upon what security, or its value. In reply to his inquiries, all the information he has received is the statement of the appellee that the money was loaned on some ditch stock. When appellant met appellee in Pittsburg in June, 1896, he expressly repudiated this loan, and demanded payment of his money. This he had a right to do. Appellee failed in his effort to show a ratification of the making of the loan assumed. The court nonsuited appellant as to this item, holding that appellee, upon cross-examination of appellant, had established his defense, that is, a reloaning of the Waterman money with the consent of appellant. This ruling was error.

2. June, 1895, appellant delivered to appellee for collection the Lyon note, amounting to $400. This he collected, on demand promised to pay, but has never paid to appellant.

To liability on this collection appellee pleads as a defense a reloaning of the funds, a loss and a substituted agreement in accord and satisfaction. The only attempt made to establish this defense was on cross-examination of appellant, but

without success; there was no evidence of a substituted agreement. A nonsuit was ordered as to this item. In this the court also erred.

Judgment reversed.

*Reversed.*