## COYNE BROTHERS *v.* FEAZEL.

### Opinion delivered May 14, 1917.

1. JURISDICTION—AMOUNT—SEPARATE CONTRACTS.—In an action to recover damages for the improper handling and sale of a number of cars of peaches, the circuit court has jurisdiction, the total amount sued for being over $100. The fact that the damages on each car was less than $100 per car is not controlling.

2. PRINCIPAL AND AGENT—SPECIFIC DIRECTIONS.—When the authority of an agent is limited by specific instructions, it is the agent's duty to obey the instructions regardless of his own opinion as to their propriety or expediency, and if he exceeds, violates, or neglects such instructions, he will be liable to the principal for any loss or damage resulting therefrom.

3. PRINCIPAL AND AGENT—INSTRUCTIONS.—Appellee directed his agent to ship certain cars of peaches to Nashville for sale. The agent shipped them to Chicago. In an action against the agent, it was for the jury to say what instructions appellee had given his agent, but it was not appellee's duty to object specifically to the shipment of each car to a destination different from that which appellee had directed.

Appeal from Howard Circuit Court; *J. C. Pinnix,* Special Judge; affirmed.

*Steel & Lake* and *James D. Head,* for appellant.

1. The court had no jurisdiction. The claims were for less than $100. The jurisdiction depends upon the

amount of each cause of action. 89 Ark. 435; 66 *Id.* 314; 78 *Id.* 595; 83 *Id.* 372; 113 *Id.* 490; 114 *Id.* 304.

2. The court erred in its instructions. The place of the sale was Nashville. 83 Ark. 548; 45 *Id.* 37; 33 *Id.* 465; 96 U. S. 258; 11 R. C. L., § 2, p. 753; 59 Pac. 36; 68 Am. Dec. 156; 11 R. C. L., § 10, p. 758; *Ib.,* § 22; 78 Ark. 402; 88 *Id.* 557.

*D. B. Sain,* for appellee.

1. The peaches were to be sold at Nashville. An agent must obey instructions. Wharton on Agency & Agents, § § 247, 758; 31 Cyc. 1451-2; 77 Conn. 559; 26 Pa. St. 393; 14 Pet. 479; 125 Mass. 577; 65 Ala. 586; 12 Ga. 205; 11 Ill. App. 367.

2. The instructions are correct. Wharton on Agency & Ag., § § 213, 302, 572; 31 Cyc. 1450-1.

3. Appellee is estopped by mere silence. 55 Ark. 423; 82 *Id.* 367.

4. The requests for instructions were properly refused. Wharton on Ag. etc. 247; 31 Cyc. 1451-2.

5. The suit grows out of one transaction—one contract. The court had jurisdiction.

McCulloch, C. J. Appellee is a grower of peaches in Howard County, Arkansas, and employed appellants to sell his crop of peaches for the year 1916. He agreed to pay a certain commission on the sales. He instituted this action against appellants in the circuit court of Howard County to recover damages alleged to have been sustained by reason of a breach of the terms of the contract in shipping the peaches to Chicago and selling them on the market there instead of selling them to dealers at Nashville, Arkansas.

It is alleged in the complaint that appellee gave instructions to appellants to sell the peaches at Nashville and that appellants violated the instructions and sold the peaches at Chicago at lower prices than could have been secured by selling at Nashville. There were a number of car loads of peaches, the alleged damages on each car

being specified in the complaint and in some instances the amounts so specified were less than the sum of $100. The trial jury returned a verdict in favor of appellee, assessing damages in the sum of $137.

(1) The first contention is that the circuit court had no jurisdiction as to some of the items specified in the complaint for the reason that the amount involved was less than $100, which is within the exclusive jurisdiction of a justice of the peace. The answer to that contention is that this is not a suit on the separate items specified for damages on each of the cars, but it is a suit for a breach of the single contract covering the sale of appellee's crop of peaches for the year 1916. The right of action being based on a breach of the contract, the amount involved does not fall outside of the jurisdiction of the circuit court merely because the separate items of damage inflicted by the breach are below the amount necessary to give jurisdiction to that court. *Friend* v. *Smith Gin Company,* 59 Ark. 86.

(2) The testimony of appellee tends to show that in his contract with appellants he specified that the latter were to sell the peaches on the market at Nashville when loaded on the cars at that place, and that he repeatedly renewed his instructions to appellants' agent, who resided at Nashville, to conform to the agreement by selling at Nashville. The proof also tends to show that better prices were realized on sales at Nashville than on shipments to Chicago. If, as contended by appellee, there was a violation of his instructions by appellants in selecting the place of sale and a lower price was secured, appellants are responsible for the loss which resulted. The statement of the law is elemental that when the authority of an agent is limited by specific instructions it is his duty to obey the instructions "regardless of his own opinion as to their propriety or expediency, and if he exceeds, violates or neglects such instructions he will be liable to the principal for any loss or damage resulting therefrom." 31 Cyc. 1451; Wharton on Agency, § § 247, 758.

The testimony adduced by appellee brings the case within the rule stated and is sufficient to warrant the verdict in his favor. The instructions given by the court fairly submitted the issues to the jury.

Exceptions were saved to the refusal of the court to give certain instructions, among which was one that told the jury that "if the plaintiff knew that the peaches were being shipped from Nashville and did not at the time object thereto, but allowed such shipment to go forward without objections, then you are instructed that plaintiff assented to such shipments and your verdict should be for defendants."

(3) That instruction was, we think, calculated to mislead the jury and was properly refused. Appellants were engaged in the produce business in Chicago and maintained an agent at Nashville during the fruit shipping season. Appellee resided at Nashville himself and conducted his negotiations with the Nashville agent, although correspondence in writing passed between him and the defendants at Chicago. If, as claimed by appellee, he gave appellants' agent repeated instructions not to ship the peaches, but to sell them at Nashville, it would not be correct to say that his failure to renew his objections to each shipment constituted a consent to the shipment so as to bar him from recovery on account of the violated instructions. If appellee withdrew his instructions, or consented to a shipment of the peaches to Chicago for sale, then he could not recover unless there was negligence on the part of appellants in failing to secure the highest market price at Chicago, but that is a different thing from mere failure to object after he had given specific instructions. It was a question for the jury, under the circumstances, to determine whether or not appellee had given specific instructions not to ship, but to sell at Nashville, and also to determine whether or not appellee, by his conduct, withdrew his instructions and consented to the shipments, but the court was correct in refusing to tell the jury that mere failure to object to the

shipments constituted, under the circumstances, a consent so as to bar recovery. Other instructions along the same line were refused.

We find no prejudicial error in the record and the judgment is affirmed.