## COYNE BROTHERS *v.* LESLIE.

### Opinion delivered December 10, 1917.

1. SALES—CONTRACT TO SELL PLAINTIFF'S PRODUCT—NEGLIGENCE.— Plaintiff employed defendant to sell his peach crop on commission. *Held,* defendant would be liable in damages to plaintiff where he did not exercise proper skill and diligence to obtain the best market price for plaintiff's peaches, and where plaintiff suffered a loss thereby.

2. SALES—CONTRACT TO SELL PLAINTIFF'S PRODUCT.—Under the above facts, defendant sold plaintiff's peaches in Chicago, when he could have obtained a better price at Nashville, Ark., *held,* the plaintiff in committing the custody of his product to defendant for sale had the right to rely upon the reasonable skill and diligence of the defendant in taking advantage of the best available market, and his failure under those circumstances to object to the shipment to Chicago would not constitute such conduct as would bar his right to recover damages, unless he also was advised of the condition of the market, at Chicago, as well as at Nashville.

3. FACTORS AND BROKERS—SALE OF GOODS—PLACE OF SALE—PRESUMPTION.—Plaintiff, residing at Nashville, Ark., employed defendant to sell his crop of peaches on commission.  Defendant resided in

Chicago, but also maintained an agency at Nashville. *Held,* under the facts, that it would not be presumed that the defendant was to dispose of the crop only at Chicago.

4. FACTORS AND BROKERS—ACCEPTANCE OF PROCEEDS BY PRINCIPAL—DAMAGES FOR A BAD SALE.—Under the facts stated in the above syllabii, plaintiff is not barred from recovering damages, although without objection he received and accepted defendant's statement and the proceeds of the sale made in Chicago. This does not bar an action for damages for not making the best sale possible under the circumstances.

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Steel & Lake* and *James D. Head,* for appellants.

1. 129 Ark. 163 involves similar questions, but is materially different on the facts. This court there held that where the shipper gives no instructions and consigns to a commission house, there can be no recovery unless the factor fails to obtain the highest market price. It is presumed the factor did his duty, and there is a total failure of proof here to show that the factor failed to obtain the highest price in Chicago.

2. No instructions were given, hence the plaintiff acquiesced in the shipment. 45 Ark. 37. He is estopped. *Ib.;* 33 *Id.* 465; 83 *Id.* 548; 96 U. S. 258. The refused instructions should have been given.

3. As no place of shipment was named, the rule is that the residence of the factor was contemplated. 11 R. C. L. 753, § 22, 758, etc.; 59 Pac. 36; 68 Am. Dec. 156.

3. The case in 78 Ark. 402 is directly in point. 85 Fed. 150; 24 Am. Rep. 617. The court erred in giving the instructions for plaintiff and refusing those asked for defendant. By accepting the proceeds of sale he ratified the sale. 24 Am. Rep. 617.

*D. B. Sain* and *W. P. Feazel,* for appellee.

1. Appellant was negligent and did not use proper skill and diligence. Wharton on Agency, § 272; 1 A. & E. Enc. L. (2 ed.) 1063, 1067-9; 103 Ala. 181; 69 Ill. 155; 49 *Id.* 17.

2.    Good faith and loyalty were absent.    1 A. & E. Enc. Law (1 ed.) 1071-2, and notes.

3.    Appellee not estopped by accepting the price of the sale.    129 Ark. 163; 78 Ark. 42.    There is no error in the instructions given or refused.    Cases *supra*.

McCULLOCH, C. J.    During the year 1916 the plaintiff, W. F. Leslie, was a peach grower in Howard County, Arkansas, and employed the defendants, Coyne Brothers, who were engaged in the commission business in Chicago, to sell his crop of peaches on commission.    Defendants kept an agent, Mr. Turquette, at Nashville, the county site and business center of Howard County, who conducted the transactions for his principal with plaintiff and handled the fruit committed to the care of the defendants.    The contract between plaintiff and defendant was made orally by the plaintiff and Turquette and there was no specification as to the place of sale of the peaches.

Plaintiff was not a large grower of peaches and the shipments were in small lots made in connection with shipments of peaches of other growers.    Most of the peaches handled by defendants were shipped to Chicago and sold from that office, but Turquette sold several cars of peaches on the railroad tracks at Nashville—none, however, owned by the plaintiff.

This action was instituted by plaintiff to recover damages on the theory that a better price could have been obtained for his peaches by selling them at Nashville instead of shipping them to Chicago, and that defendants failed to exercise proper care in finding a market.    No demand was made by plaintiff for the sale of his peaches at Nashville, nor did he make any objection to the shipment of the peaches to Chicago for sale.    He knew that the peaches were being shipped, but was not advised of the prevailing prices on the Chicago market and other markets.    The peach season ended about July 20 and defendant furnished plaintiff, on August 9, with statements of the proceeds of the sales, accompanied by checks cov-

ering the net proceeds, and those checks were accepted and cashed by plaintiff without any objections being expressed at that time. This action was instituted several weeks later. The plaintiff recovered damages below and the defendants have appealed.

(1) The court submitted the issues upon instruction, which, in substance, told the jury that the plaintiff's right of recovery depended upon proof by preponderance of the evidence "that defendant did not exercise such skill and diligence to obtain the best market price for plaintiff's peaches and that plaintiff suffered loss on account thereof." The following instruction was also given at the request of the defendant and is in harmony with the other instructions given by the court:

"The plaintiff to recover must show that the defendants failed to exercise ordinary care to obtain the market price for his peaches. It is not sufficient to show the mere fact that more money might have been received for the peaches; in other words, if the defendants exercised ordinary care in selling the peaches at their market value, and erred in the choice of the market whereby the said peaches brought less than might have been obtained for them, still this in itself will not be sufficient to entitle the plaintiff to recover, but before he could recover he must go further and show that the error, if any, in the choice of the markets was the result of the failure of the defendants to exercise ordinary care with regard thereto, and, unless he has shown this by a preponderance of the evidence, your verdict must be for the defendants."

(2) The evidence was sufficient to make out a case of liability upon the theory indicated in the court's instructions, which we think constituted a correct announcement of the law on the subject. It is insisted that the court erred in refusing to give certain requested instruction, telling the jury that "if the plaintiff knew that the peaches were being shipped from Nashville and did not at the time object thereto, but allowed such shipments to go forward without objection," this constituted assent on

the part of the plaintiff to the shipment to Chicago and that he could not under those circumstances **recover.**

Learned counsel for defendants rely upon certain language found in the opinion of this court in the recent case of *Coyne Brothers* v. *Feazel,* 129 Ark. 163, 195 S. W. 391, which involved a contract for the sale of peaches and damages were sought on the theory that the defendants had violated the instructions of the plaintiff in shipping the peaches to Chicago instead of selling on the market at Nashville. The trial court refused to give an instruction similar to the one now under consideration, and in disposing of the question involved, we said that if the plaintiff had withdrawn his instructions to sell at Nashville, or had consented to the shipment of the peaches to Chicago, he could not recover unless there was negligence in failing to secure the highest market price at Chicago. That case, however, was different from the present one in that recovery was sought entirely upon the theory of violation of positive instructions concerning the place of sale, while in the present case the plaintiff shows that, notwithstanding the fact that no instructions were given, he was not advised of the prices which could be obtained at Chicago. The plaintiff in committing his product to the custody of the defendant for sale had the right to rely upon the reasonable skill and diligence of the defendant in taking advantage of the best available market, and his failure under those circumstances to object to the shipment to Chicago did not constitute such conduct as would bar his right to recover damages unless he also was advised of the condition of the market at Chicago, as well as at Nashville.

There was no element of estoppel or waiver on the part of the plaintiff in failing to object to the shipment to Chicago unless he was advised that there was a better market at Nashville. To hold otherwise would be a denial of the plaintiff's right to rely on the skill and superior knowledge of the agents whom he had employed to handle his product.

The defendants also requested the court to instruct the jury that they had a right to ship the peaches to Chicago, that the plaintiff is presumed to have consented thereto and that no liability was established by showing that a better price could have been realized on sales made at Nashville. The theory upon which counsel for defendants argue the correctness of those instructions is that because defendants were doing business at Chicago there is a presumption that the peaches delivered to them were intended to be sold at that place. They quote from 11 R. C. L., section 22, page 768, the following which we think is a correct statement of the law on the subject:

"Where a consignment is made to a factor for sale, without instructions, and in the absence of established usage to the contrary, it may be presumed that the goods consigned are intended to be sold at the place of residence of the factor."

The undisputed evidence was that defendants maintained an agency at Nashville where there was an established market for peaches and the agent occasionally made sales on that market. Therefore, the presumption can not be indulged that the parties to the contract mutually intended that the peaches should be shipped to Chicago, the principal place of business of the defendants.

(3) It is next insisted that the court erred in refusing to give an instruction to the jury stating that, if plaintiff's peaches were loaded in cars with other shippers who demanded that their fruit be shipped to Chicago and not sold at Nashville, defendants had the right to ship the cars in accordance with the demands of other shippers and would not be liable to plaintiff for failure to sell at Nashville.

The first objection to this instruction, and one that is quite adequate, is that there appears no evidence in the record, as far as we can find in the abstract, tending to show that plaintiff loaded his fruit in cars with other shippers who made objections to sales at Nashville and requested shipment to Chicago. The instruction would,

therefore, have been abstract and it is unnecessary to search for other reasons why the court did not err in refusing to give it.　　.

(4)　It is further insisted that the returns made by the defendant to plaintiff of the sales constituted accounts stated upon the failure of plaintiff to make objection, and that his acceptance without objection of the proceeds of sale constituted a ratification and that for those reasons the right to recover damages is barred.　The correctness of the sales accounts furnished to plaintiff is not questioned, and even though they be treated as accounts stated, this furnishes no grounds for barring his right to recover damages.　The plaintiff's attitude in this case does not challenge the correctness of those accounts of the proceeds of sale, but he contends that there was a breach of duty on the part of the defendant in failing to take advantage of a better market, and this does not put the plaintiff in an inconsistent position.　Nor do we think the plaintiff is barred of his right to recover damages by acceptance without objection of the proceeds of sale.

Counsel for defendants rely on a Mississippi case (*Meyer* v. *Morgan,* 51 Miss. 21, 24 Am. Rep. 617), wherein it was held that the acceptance by the owners of cotton of the proceeds of the sales made by a broker, contrary to instructions, constituted ratification of the sales and prevented recovery for damages on account of the violation of the contract.　The decision was perhaps correct upon the facts of that case, but the reasoning has no application to the facts of the present case.　The court said that the plaintiff in that case had no right to speculate on the future market of cotton and afterwards complain because of the fact that the instructions not to sell for less than a certain price had been disobeyed and a better price could have been obtained in the future.　The facts of that case were that the plaintiff had shipped cotton to the broker with instructions not to sell for less than a stated price.　The instructions were violated by a sale of the cotton by the broker at a price less than that

mentioned in the instruction and less than could have been obtained later. No such state of facts is presented in the present case, for the plaintiff did not give any instructions concerning the price he wanted for his fruit, but relied upon the integrity, diligence and sagacity of his agent to find the best available market. As soon as the alleged act of negligence of the plaintiff occurred in selling the fruit on a lower market than could have been found, plaintiff's right of action accrued and he did not waive his right by accepting the proceeds of sale which belonged to him.

There are other assignments of error with respect to the rulings of the court in giving and refusing instructions, but we find on consideration that those rulings were correct. The issues were correctly submitted to the jury and there was sufficient evidence to sustain the verdict.

Judgment affirmed.