[Civ. No. 5321.  First Appellate District, Division One.—May 24,
1927.]

B. U. RHEE, Respondent, v. L. K. SMALL COMPANY (a
Corporation), Appellant.

[1] FACTORS — CONTRACT CONCERNING PRODUCTION AND MARKETING OF
LETTUCE—CREATION OF RELATION OF PRINCIPAL AND FACTOR—CON-
STRUCTION. — Where a grower contracted to plant and deliver a
crop of lettuce to a packer, who agreed to make advances and
market the lettuce, the relation between the parties was that of

1.  Definition and distinctive features of factors, note, 58 Am.
Dec. 158.  See, also, 12 Cal. Jur. 411.

principal and factor, under section 2026 of the Civil Code, notwithstanding that the packer was required by the contract to pack the lettuce for shipment.

[2] ID.—DUTY TO OBEY INSTRUCTIONS OF PRINCIPAL—ADVANCEMENTS. Although by the contract between the grower and the packer an exclusive agency was created, it was not coupled with an interest, and, under section 2027 of the Civil Code, it was the duty of the factor to obey the instructions of the principal, although advances had been made on the crop.

[3] ID. — DEVIATION FROM INSTRUCTIONS OF PRINCIPAL—LIABILITY FOR LOSS — NEGLIGENCE.—The law imposed on the factor the duty to use reasonable diligence in the performance of the undertaking to market the lettuce crop, and it would be liable in damages for a loss proximately caused by its negligence or a deviation from the instructions of its principal to sell to a certain purchaser, even though it acted prudently and for what appeared to be the best interests of its principal.

[4] ID.—FAILURE TO FOLLOW INSTRUCTIONS OF PRINCIPAL—DAMAGES—EVIDENCE — FINDINGS. — In this action against a factor on a contract relating to the production and marketing of lettuce, the evidence was sufficient to support the implied findings that the factor negligently failed to follow the instructions of the principal to sell to a certain party who was ready, willing, and able to pay the price offered, to the damage of the principal.

[5] AGENCY — RATIFICATION BY PRINCIPAL — DEFENSES — EVIDENCE—BURDEN OF PROOF. — While it is the general rule that ratification by the principal relieves the agent from liability, and the acts and silence of the principal are evidence of ratification, ratification is not to be assumed, but is a matter of defense, the burden of proving which rests upon the one alleging it.

[6] ID.—RATIFICATION BY CONDUCT—INFERENCES—QUESTION FOR JURY. Where inferences to be drawn from facts as to whether the principal ratified the agent's act are such that men may reasonably differ, the question is one for the jury, especially where ratification is sought to be implied from conduct or deduced from acts of alleged acquiescence.

[7] FACTORS—FAILURE TO ACCEPT OFFER AS DIRECTED BY PRINCIPAL—PLEADING—SUFFICIENCY OF COMPLAINT.—In this action by a principal against his factor for damages for breach of contract relating to the marketing of lettuce, a complaint, alleging a *bona fide* cash offer for the crop by an offerer ready, willing, and able

2.  See 1 Cal. Jur. 707; 12 Cal. Jur. 415; 11 R. C. L. 766.
3.  See 12 Cal. Jur. 419.
5.  See 1 Cal. Jur. 766, 770; 11 R. C. L. 764; 21 R. C. L. 928.
6.  See 1 Cal. Jur. 766.

and who promised to pay, and that defendant neglected to accept the offer as directed by plaintiff, causing loss, was sufficient.

[8] ID. — MEASURE OF DAMAGES. — In such action, in computing the principal's damages, he was entitled to the difference between the net profits he would have received had the factor accepted the offer as directed by the principal and the principal's net profits from a subsequent sale.

(1) 25 C. J., p. 342, n. 26.   (2) 25 C. J., p. 360, n. 63.   (3) 25 C. J., p. 359, n. 38 1/3, p. 360, n. 44.   (4) 25 C. J., p. 404, n. 31.   (5) 2 C. J., p. 928, n. 56; 25 C. J., p. 403, n. 7.   (6) 2 C. J., p. 965, n. 38. (7) 25 C. J., p. 402, n. 81.   (8) 25 C. J., p. 399, n. 28.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

LeRoy M. Edwards and James W. Glassford for Appellant.

Dayton L. Ault and C. Sherman Anderson for Respondent.

CASHIN, J.—An appeal from a part of a judgment entered on a verdict in an action to recover for a breach of contract by an agent.

Appellant corporation, which was engaged in the business of packing and shipping produce, entered into a written contract with respondent by which the latter agreed to plant twenty acres of lettuce and deliver the crop to appellant to be packed and marketed. The grower further agreed to pay in addition to the cost of packing a commission of fifteen per cent of the amount of the gross sales of all lettuce delivered and accepted for shipment. It was further agreed that appellant should make certain advances as the crop was delivered, and it appears from the testimony that money was advanced and seed furnished before the crop was grown. The contract also contained the following provisions: "The grower hereby appoints the above named distributor (appellant) his exclusive selling agent for the selling and distributing of all lettuce owned and controlled by

8.   See 11 R. C. L. 772.

the grower for the season of 1922'. . . " and "The distributor agrees to use his best efforts' and endeavors in the marketing of said lettuce in order to procure the best possible returns . . . "

The complaint alleged that there was received from the Southwestern Fruit Company a *bona fide* cash offer for the crop as it stood in the field, which the offerer was ready, willing, and able and promised to pay.

That plaintiff was willing to accept and demanded of defendant that it accept the price offered, but that the latter refused and neglected to do so, and the offer was withdrawn.

That by defendant's failure to exercise reasonable care and diligence in marketing the crop plaintiff was damaged in the sum of $6,296.61.

These allegations were denied by defendant, which pleaded by way of counterclaim, and cross-complaint causes of action arising out of two separate contracts for the delivery and sale of crops of cantaloupes under which it sought to recover the total sum of $3,429.33. The jury awarded to each party the amount claimed and the appeal is from that part of the judgment which was entered against the corporation. It appears from the testimony that the lettuce was grown as agreed and within a few days before the time when ready for delivery an offer of $8,000 for the entire crop in the field was made by a certain Japanese who was doing business under the name of Southwestern Fruit Company. Respondent testified that he wished to accept the offer and so informed appellant's agent, but that the latter refused to sell for less than $8,500, stating that the Japanese were not financially responsible. According to the testimony of the agent, respondent, who was then indebted to appellant, stated at the time the offer was made: "You know I am heavily indebteded to you people and I would like to get straightened out on this thing and at the same time it is a fair margin for you people to get your commissions . . . We are willing to pay just the same."

The agent then raised the question as to the ability of the Japanese to pay, stating, "In my opinion Fujimoto hasn't $8,000 and I wouldn't trust him overnight . . . I have every reason to believe we could not trust him . . . The only way we will sell that lettuce is to get the cash here and they pay

$8,500 and we will give them the lettuce.'' The evidence was conflicting as to the ability of the Japanese to pay the price offered as well as to the terms of the offer, respondent testifying in the latter connection that the buyer offered $4,000 in cash and the balance when the harvesting of the crop commenced, and the agent that payment was to be evidenced by a post-dated check. After the rejection of the offer the crop amounting to 2872 crates was packed and sold by appellant, the gross returns therefrom being the sum of $4,052.03.

It is undisputed that there was advanced and paid to respondent in cash the sum of $1,751.33, and that in addition he was furnished sixty-seven pounds of lettuce seed valued at $117.50, of which fifteen pounds of the value of $37.50 was returned. He received the further sum of $118.18 upon the completion of the sales, the net amount received by him from the crop being the sum of $1,949.51. It was further shown that the cost of cutting and delivering the crop to appellant was approximately $100. It is contended by appellant that the evidence was insufficient to show a breach or that appellant was wanting in ordinary care and diligence in performing the contract; that the breach, if any, was ratified by respondent; that the verdict was unsupported; and that the court erred in instructing the jury.

[1] The relation between the parties was that of principal and factor (Civ. Code, sec. 2026; *Betts* v. *Southern California Fruit Exchange,* 144 Cal. 402 [77 Pac. 993]), and this notwithstanding that appellant was required by the contract to pack the lettuce for shipment. (*Winne* v. *Hammond,* 37 Ill. 99; *Bank of Elgin* v. *Kilbourne,* 127 Ill. 573 [20 N. E. 681]; *Shaw* v. *Ferguson,* 78 Ind. 547; *State* v. *Thompson,* 120 Mo. 12 [25 S. W. 346]; *Kellogg* v. *Costello,* 93 Wis. 232 [67 N. W. 24].) [2] The agency created by the contract, though exclusive, was not coupled with an interest (*Barr* v. *Schroeder,* 32 Cal. 609–617; *Roth* v. *Moeller,* 185 Cal. 415 [197 Pac. 62]; *Chambers* v. *Seay,* 73 Ala. 372; *Woods* v. *Hart,* 50 Neb. 497 [70 N. W. 53]), and it was the duty of the factor to obey the instructions of its principal although advances had been made on the crop. (Civ. Code, sec. 2027.) [3] The law imposed the further duty to use reasonable diligence in the performance of its undertaking, and it would be liable in damages for a loss proximately

caused by its negligence or a deviation from the instructions of its principal, even though in the latter connection it acted prudently and for what appeared to be the best interests of its principal. (*Lem* v. *Wilson,* 27 Cal. App. 512 [150 Pac. 641]; *Coyne Bros.* v. *Feazel,* 129 Ark. 163 [195 S. W. 391]; *Cutter* v. *Powers,* 200 Mich. 375 [166 N. W. 1029]; *Adams* v. *Robinson,* 65 Ala. 586; *Scott* v. *Rogers,* 31 N. Y. 676.) [4] In the present case the evidence, though conflicting, was sufficient to support the implied findings that the Japanese was ready, willing, and able to pay the price offered, and that appellant negligently failed to follow the instructions of its principal to the damage of the latter. [5] It is urged by appellant that respondent by continuing to perform the contract and by his acceptance of the net proceeds of the sale ratified the refusal to accept the offer. While it is the general rule that ratification by the principal relieves the agent from liability and the acts and silence of the principal are evidence of ratification, the fact is not one to be assumed, but is a matter of defense (*Bank of Westhope* v. *Messner,* 25 N. D. 263 [141 N. W. 999]), and the burden of proof rests upon the one who alleges it (*Dean* v. *Hipp,* 16 Colo. App. 537 [66 Pac. 804]; *Brown* v. *Estate of Funck,* 89 Kan. 601 [Ann. Cas. 1915A, 174, 132 Pac. 202]).

[6] And where the inferences to be drawn from the facts are such that men may reasonably differ, the question is one for the jury, and this is especially true where ratification is sought to be implied from conduct or deduced from acts of alleged acquiescence.

Ratification was not pleaded as a defense to the action, nor so far as appears was the question raised at the trial, and we cannot say that the only reasonable conclusion to be drawn from the evidence adduced supports appellant's contention.

[7] We find no merit in the further claim that the complaint was insufficient or that the instructions of the court were prejudicially erroneous, but we are satisfied in view of the evidence that the verdict against appellant was excessive.

[8] That respondent received in money and seed the sum of $1,949.51 and incurred an expense of $100 in harvesting the crop is undisputed. He concedes that in computing the

damage appellant should have been allowed the commission amounting to $1,200 which would have been payable had the sale been made to the Japanese. Had his instructions been followed, respondent would have received, after deducting the commissions, the sum of $6,800. The return in fact was the amount first stated, less the expense incurred, a net amount of $1,849.51, and his damage was the difference, namely, $4,950.49.

For the above reason, that part of the judgment appealed from is modified by deducting therefrom the sum of $1,346.12, and as so modified is affirmed. It is ordered that appellant recover its costs on appeal.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard, in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1927.