[Civ. No. 5073.   Third Appellate District.—March 22, 1934.]

JENNIE DUNCAN COOPER, Respondent, v. AMERICAN FRUIT GROWERS INCORPORATED OF CALIFORNIA (a Corporation), Appellant.

Thomas & Thomas for Appellant.

Mannon & Brazier for Respondent.

PULLEN, P. J.—This is an action for breach of contract between a principal and factor. Plaintiff recovered judgment in the trial court from which defendant appealed, whereupon plaintiff now moves for a dismissal of this appeal, or an affirmance of the judgment. The motion to dismiss being denied, we will now consider the alternative, basing our examination upon the bill of exceptions and the opening brief of appellant.

Plaintiff was the owner of a pear orchard in the county of Mendocino and had entered into a contract with defendant and appellant wherein plaintiff appointed appellant her exclusive selling agent for all fruit grown upon her lands, appellant agreeing to use its best efforts to sell the fruit at the best possible price obtainable.

At the beginning of the picking season respondent notified appellant she had received an offer of $25 per ton, orchard run, for the 1932 pear crop, payment thereof to be made daily upon delivery, together with a sufficient cash advance to enable her to repay to defendant all of her then existing indebtedness to defendant. Respondent communicated this offer to an agent of appellant with the request that she be released from her contract or that defendant sell to the offerer her pears at $25 per ton, but defendant failed and refused to act and the pears were ultimately sold for considerably less than the offered price, whereupon this action was commenced for the loss thereby sustained.

■ Appellant challenges the sufficiency of the evidence to support the finding of the trial court. It would be of no value to summarize the testimony, but we have read the transcript, and the evidence being accepted and believed by the trial court is ample to support the findings and judgment.

For instance on the question of communication of the offer to appellant and its refusal or neglect to act, respondent testified to the first demand upon the agent of appellant for a release or for a sale to the offerer on the afternoon of Monday, August 1st. On the next morning she again asked for a release and demanded that the offer be accepted, and again on the afternoon of the same day she had a further conversation along the same line. Again on Wednesday, August 3d, about noon, the husband of plaintiff made another demand upon the agent of defendant that they accept the offer and sell the pears, but no action was taken by appellant until perhaps some time Wednesday afternoon after the pear market had broken.

So, also, as to the tonnage, the court found the orchard produced 3,070 lug boxes of pears, containing 50 pounds net, in good merchantable condition, and weighing in the aggregate 76.75 tons. On this point plaintiff testified she weighed 10 or 12 boxes of fruit at intervals as they were taken to the packing sheds and from that arrived at the total tonnage. Appellant made no weights upon its own account. We cite thus briefly from the record to show the testimony upon which the questioned findings were based. It is entirely sufficient in every particular.

We need not go into the law applicable to the facts as this case is very closely analogous to the law and the facts in the case of *Rhee* v. *L. K. Small Co.*, 83 Cal. App. 339 [256 Pac. 839].

■ That the parties hereto occupied the relationship of factor and principal cannot be disputed (sec. 2026, Civ. Code; *Betts* v. *Southern California Fruit Exchange*, 144 Cal. 402 [77 Pac. 993]), and regardless of any advance to the plaintiff, it is the duty of the factor to obey the instructions of the principal. (Sec. 2027, Civ. Code.)

Appellant attempts to distinguish the instant case with the case of *Rhee* v. *L. K. Small Co., supra,* on the ground that in the instant case there was no *bona fide* offer open

and available to the factor. The record, however, to the contrary, discloses an offer made in good faith by men whose financial standing and ability were unquestioned.

Appellant also claims that certain provisions of the contract with respondent take this case out of the operation of the principles discussed, but this is not borne out by an analysis of the agreement. Appellant also claims a ratification by respondent, but that point is fully answered contrary to the contention of appellant. in the case of *Rhee* v. *L. K. Small Co., supra.*

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1934.